**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-CR-00028-JED-42 |
| BRENDA BROWN, | ) |
| | ) |
| Defendant. | ) |

**FILED
IN OPEN COURT
JUN 10 2015
Phil Lombardi, Clerk
U.S. DISTRICT COURT**

## PLEA AGREEMENT

The United States of America, by and through Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, and Robert T. Raley, Assistant United States Attorney, and the defendant, BRENDA BROWN, in person and through counsel, Jeffrey W. Massey, respectfully inform the Court that they have reached the following plea agreement.

### 1.    Plea

The defendant agrees to enter a voluntary plea of guilty to the following:

> **Count 88: 21 U.S.C. § 843(b) - Use of a Communication Facility in Committing, Causing and Facilitating the Commission of a Drug Trafficking Felony**

as set forth in the Sixth Superseding Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which the defendant is pleading guilty.

Revised 11-13-14

*B.B.*
Defendant's Initials

## 2.   Waiver of Constitutional Rights

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.   the right to be indicted if proceeding by Information;

b.   the right to plead not guilty;

c.   the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.   at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.   the defendant has the right to assist in the selection of the jury;

f.   during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.   the defendant has the right to confront and cross-examine witnesses against the defendant;

h.   if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.   if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.   if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

k.   at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

By pleading guilty, the defendant will be giving up all of these rights.  By pleading guilty, the defendant understands that the defendant may have to answer questions posed

2

Defendant's Initials

to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3.   Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.   The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

b.   The defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

c.   The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

d.   The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained her appellate and post-conviction rights; that defendant understands her rights; and that defendant knowingly and voluntarily waives those rights as set forth above.

_____
BRENDA BROWN

Revised 11-13-14

3

_____
Defendant's Initials

### 4.   Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 5.   Rule 11 Rights Waiver

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure.  In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

a.   A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

b.   Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

c.   Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.

### 6.   Waiver of Right to Jury Trial on Sentencing Factors

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Sixth Superseding Indictment, (2) proven to a jury, or (3) proven beyond a reasonable

4

Revised 11-13-14


Defendant's Initials

doubt.  The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial.  The defendant explicitly acknowledges that her plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 7.  Payment of Monetary Penalties

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement.  The defendant understands that, by law, interest accrues on any remaining balance of the debt.

### 8.  Forfeiture Agreement

Defendant Brenda Brown consents to and does not contest the criminal or civil forfeiture of the real property located at 1214 N. Santa Fe, Tulsa, Osage County, Oklahoma.  Furthermore, the defendant agrees that she will not file an ancillary petition or a civil claim to such real property.  Defendant Brown further consents to an

Revised 11-13-14

Defendant's Initials

interlocutory sale of such real property and agrees that within two (2) weeks of entry of her guilty plea, she will execute a stipulation for interlocutory sale of such real property.

Further, by this agreement, the defendant agrees to take whatever steps are necessary to convey clear title to the United States of the real property located at 1214 N. Santa Fe. These steps include, but are not limited to, execution of a Quit Claim Deed on or before the date of entry of her plea of guilty and signing of all other legal documents necessary to effectuate transfer of such real property to the United States. The defendant agrees to exercise best efforts to obtain the signature of any third parties necessary to effectuate transfer of title to the United States.

9.      **Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

10.     **Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under 21 U.S.C. § 843(b) is as follows:

a.      The defendant knowingly used a communication facility; specifically a cellular telephone;

b.      The defendant acted with the intent to commit, cause or facilitate the commission of a drug felony, namely possession with to distribute and distribution of cocaine and marijuana. ~~intent~~

To facilitate the commission of a drug felony means to aid or assist in the commission of the offense.

6

Defendant's Initials

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, BRENDA BROWN, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Count 88 in the Sixth Superseding Indictment, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

My name is BRENDA BROWN.

<u>Count 88:</u>

On or about January 21, 2014, in the Northern District of Oklahoma, I utilized a communication facility, specifically a cellular telephone, to participate in a conversation with an individual named Kenya Walker. Kenya asked me to obtain money for him that he had concealed under the mattress in his room. I knew the currency was derived from the sale of illegal drugs. I knew the money was located at 1234 North Olympia Avenue, Tulsa, Oklahoma, and within in the Northern District of Oklahoma. . I knew that by getting the money for him, I was facilitating a felony drug crime. Further, I knew that utilizing a communication device such as a cellular telephone to assist in facilitating a drug crime was illegal and a violation of Federal law.

_____          _____
BRENDA BROWN                                               Date
Defendant

Revised 11-13-14

Defendant's Initials

## 11.    Further Prosecution

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Sixth Superseding Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service.   The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

## 12.    Dismissal of Remaining Counts

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter.   In such event, the defendant hereby waives any objections, motions or defenses based upon

Revised 11-13-14

Defendant's Initials

the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

### 13.   Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1.   The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor.   The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.   If the defendant falsely denies, or makes conflicting statements as to, her involvement in the crimes to which she is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

Revised 11-13-14

Defendant's Initials

14.   **Sentence**

a.   **Imprisonment**

The defendant acknowledges that under 21 U.S.C. § 843(b) the maximum statutory

sentence is 4 years imprisonment and a fine of not more than $250,000.

b.   **Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court

shall include as part of the sentence a requirement that the defendant be placed on a term

of supervised release after imprisonment of not more than 3 years.

If the term of supervised release for any count of conviction is revoked, the

defendant may be imprisoned for an additional term not to exceed the term of

imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no

credit being given for any time served while on supervised release.  Further, the Court

may impose another term of supervised release following any term of imprisonment

imposed for a violation of supervised release conditions, and this term of supervised

release may not exceed the term of supervised release originally authorized by statute for

the offense of conviction less any term of imprisonment that was imposed upon

revocation of supervised release (18 U.S.C. § 3583(e) and (h)).  If a second or subsequent

term of supervised release is revoked, the Court may impose another term of

imprisonment not to exceed the difference between any imprisonment imposed for a prior

revocation of supervised release for the offense of conviction and the term of

imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3).  Accordingly, the original

10

Defendant's Initials

term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

**c.** **Guidelines**

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §3551 through §3742, and 28 U.S.C. §991 through §998, are advisory. The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a).

The sentence imposed in federal court is without parole. The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either

Revised 11-13-14

11

Defendant's Initials

orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

## 15.   Stipulations

The defendant and the United States agree and stipulate to the following facts:

a.      The Government and the defendant stipulate and agree that at the sentencing hearing the Government will move the Court to recommend to low end of the United States Sentencing Guidelines range.

b.      Parties stipulate that Defendant is a Minor/Minimal participant in the overall drug conspiracy;

It is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

12

Revised 11-13-14

Defendant's Initials

## 16.   Limitations

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

## 17.   Breach of Agreement

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein.  Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence.  The defendant hereby WAIVES any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

13

Revised 11-13-14

Defendant's Initials

In the event that BRENDA BROWN, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

18.     **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

DANNY C. WILLIAMS, SR.
UNITED STATES ATTORNEY

_____          10 JUNE 2015
ROBERT T. RALEY                        _____
Assistant United States Attorney       Dated

_____          6-10-15
JEFFERY W. MASSEY                      _____
Attorney for Defendant                 Dated

_____          _____
BRENDA BROWN                           Dated    6-10-15
Defendant

14

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _6- 10 - 15_____
BRENDA BROWN                                Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Sixth Superseding Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _6-/0-/5_____
JEFFERY W. MASSEY                           Dated
Counsel for the Defendant

Revised 11-13-14

_____
Defendant's Initials